```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID SCHICK,

                Plaintiff,

       -against-

CRAIG APKER, as Warden of FCI Otisville,
TASHA R. WELCH, as Case Manager of FCI
Otisville, and the DIRECTOR, Federal Bureau of
Prisons,

                Defendants.
------------------------------------------------------------------x

07 Civ. 5775 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff David Schick, an inmate in the Federal Correctional Institution in Otisville, New York ("FCI Otisville") who represents himself pro se, brings this action alleging that defendants limited his access to an attorney in violation of the Sixth Amendment and Federal Bureau of Prisons ("BOP") regulations. Schick seeks an order from this court (1) declaring that certain BOP and FCI Otisville policies violate his rights pursuant to the Sixth Amendment and are thus void, and (2) compelling defendants to comply with the provisions of 28 C.F.R. §§ 540.103 and 543.13, which govern the extent of permissible contact between inmates and their counsel through telephone calls and in-person visits. In October 2007, defendants filed a motion to dismiss Schick's complaint, or in the alternative, for a grant of summary judgment.

I.    **THE REPORT AND RECOMMENDATION**

    In a Report and Recommendation dated March 5, 2009, Magistrate Judge Debra Freeman concluded that Schick's declaratory judgment claim that policies governing access to attorneys violated his constitutional rights implicated his right of access to counsel and the courts pursuant to the First and Fourteenth Amendments. She determined that Schick's claim did not implicate

1

his Sixth Amendment right to effective assistance of counsel as a criminal defendant. (*See* Report and Recommendation dated March 5, 2009 at 16.) Finding no violation of these rights, and noting that all parties submitted extensive declarations and evidence regarding the extent of Schick's contact with his attorneys, Judge Freeman recommended that this Court grant defendants' motion for summary judgment on the claim for declaratory judgment. (*Id.* at 13, 15-20.) Judge Freeman deemed Schick's claims asking the Court to compel defendants to comply with 28 C.F.R. §§ 540.103 and 543.13 and to enjoin them from applying policies inconsistent with these regulations as seeking both a writ of mandamus and injunctive relief. She recommended granting defendants' motion to dismiss these claims for lack of mandamus jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), respectively. (*Id.* at 21-24.) Finally, Judge Freeman noted that Schick cites 42 U.S.C. § 1983 as a basis for his claims in his complaint, but that such claims are only available against state officials, rather than federal employees such as the defendants here. (*Id.* at 24-25.) Schick filed a timely objection to the Report and Recommendation, to which defendants responded.

Upon de novo review of Judge Freeman's March 5, 2009 Report and Recommendation, plaintiff's objections dated May 19, 2009, and defendants' response to the objections dated June 24, 2009, the Court adopts the findings and conclusions of the Report and Recommendation, except to the extent that the Report and Recommendation characterizes Schick's complaint as alleging violations of only his First and Fourteenth Amendment rights, and not those protected by the Sixth Amendment. The Court writes here to set forth the additional conclusion (1) that Schick's allegation that defendants limited his access to his attorney while he was preparing his (now complete) direct appeal of the criminal conviction for which he is incarcerated implicates

2

his Sixth Amendment right to the effective assistance of counsel, but (2) he nonetheless has failed to show that the BOP's policies unreasonably burdened his contact with counsel. Because the facts—resolving all ambiguities and drawing all factual inferences in favor of Schick pursuant to Fed. R. Civ. P. 56—do not support a conclusion that defendants violated his Sixth Amendment rights, defendants' motion for summary judgment is granted.

## II.  PLAINTIFF HAD SUFFICIENT ACCESS TO CRIMINAL COUNSEL TO SATISFY THE SIXTH AMENDMENT.

Schick claims that defendants limited his access to counsel while he both had an appeal pending from his criminal conviction and was involved in other ongoing civil litigation. (*See* Compl. ¶ 7; Pl.'s Mem. in Opp. to Sum. Judgment at 2-3 ("Pl.'s Mem.").)  While the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, it "only applies to a defendant's trial and first appeal as of right, not to appeals afforded on a discretionary basis, collateral proceedings, or civil proceedings such as civil rights claims challenging prison conditions." *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987)).  Even these protections have limits, however, as the U.S. Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (upholding, inter alia, restrictions on inter-inmate correspondence as reasonably related to prison officials' legitimate security concerns).  In the specific context of criminal defendants' access to attorneys, the U.S. Court of Appeals for the Second Circuit has found regulations restricting defendants' contact with their attorneys to be "unconstitutional where they unreasonably burdened the inmate's opportunity to consult with his attorney and to prepare his defense." *Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001) (quotation and citation omitted).  Examples of unconstitutional

3

limits on prisoners' rights to counsel include a ban on all visits by paralegals employed by criminal defense counsel and repeated delays in meetings between prisoners and attorneys that resulted in attorneys forgoing the meetings. *See Smith v. Coughlin*, 784 F.2d 175, 187 (2d Cir. 1984); *Benjamin*, 264 F.3d at 187.

Within the context of his criminal appeal, Schick identifies only three instances in which defendants or other prison officials interfered with his access to counsel by refusing requests for unmonitored telephone calls. (*See* Dec. of David Schick dated March 23, 2008 ¶¶ 42, 46, 51.). By contrast, defendants document more than a dozen unmonitored calls that Schick was allowed during the same time period and list only three requests—which do not duplicate those alleged by Schick—that were denied, each of which is listed as lacking documentation or otherwise failing to comply with BOP regulations. (*See* Desai Dec. ¶ 9, Ex. E.) Schick neither alleges nor offers evidence that defendants restricted other means of access to his attorneys, such as mail, monitored telephone calls, and in-person visits regarding pending criminal matters. In light of the fact that Schick both retained and availed himself of such access to his attorneys, the Court finds that the few calls that were denied did not "unreasonably burden" his opportunity to consult with counsel and to prepare his appeal. *Benjamin*, 264 F.3d at 187. Accordingly, the Court grants summary judgment for defendants on Schick's claim that they violated his Sixth Amendment right to the effective assistance of counsel.

Schick's facial challenge to BOP's and FCI Otisville's policy of restricting unmonitored telephone calls with attorneys to instances in which inmates can demonstrate an imminent court-imposed deadline in a criminal matter also lacks merit. To plead an adequate facial challenge to the constitutionality of a law, a plaintiff must allege facts that, if proven, would "establish that no set of circumstances exists under which the challenged [law] would be valid." *Cranley v. Nat'l*

*Life Ins. Co. of Vermont*, 318 F.3d 105, 110 (2d Cir. 2003) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). In light of the U.S. Supreme Court's holding in *Turner* that prison regulations may properly limit inmates' constitutional rights in some circumstances; the lack of restrictions placed on inmates' communication with counsel through the mail, monitored telephone calls, or in-person visits; and Schick's failure to adduce facts that demonstrate the invalidity of these limitations or counter FCI Otisville's legitimate security interest in restricting unmonitored communications by prisoners, the Court finds the challenged regulations facially valid and grants defendants' motion for summary judgment.

### III. CONCLUSION

Accordingly, it is hereby ordered that Judge Freeman's Report and Recommendation dated March 5, 2009 is adopted except to the extent that this Court finds that plaintiff has stated a claim for violation of his Sixth Amendment right to the effective assistance of counsel. Defendants' motion to dismiss, or alternatively for summary judgment, is granted for the reasons set forth in the Report and Recommendation and above and the Clerk of Court is directed to dismiss the complaint in its entirety.

Dated: New York, New York
       July 10, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.